IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IVAN J. HILL,

    Plaintiff,

v.

STATE OF CALIFORNIA;
GOVERNOR JERRY BROWN,

    Defendant.
                               /

No. C 14-4510 WHA (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

This is a pro se civil rights complaint under 42 U.S.C. 1983 filed by a California prisoner. He has been granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the complaint is **DISMISSED** without prejudice.

## DISCUSSION

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

The gist of plaintiff's prolix complaint is that the process for trying and reviewing capital cases takes too long and is too difficult in California. Plaintiff seeks money damages, a quicker review of his conviction and sentence, and changes to the state's trial and appellate processes.

Plaintiff's claim for equitable relief is barred under the principles of abstention. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). The rationale of *Younger* applies throughout appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. *See Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994) (even if criminal trials

> *Younger* requires that federal courts refrain from enjoining or otherwise interfering with

ongoing state criminal proceedings where three conditions are met: (1) state judicial proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the plaintiff has the opportunity to raise his federal constitutional concerns in the ongoing proceedings. *Middlesex County Ethics Comm. v. Garden State Bar Assn.*, 457 U.S. 423, 432 (1982).

Here, all three prongs of the abstention test are met. First, the appeal is ongoing in the California Supreme Court. Second, the appeal unquestionably involves important state interests. *See Massie v. Sumner*, 624 F.2d 72 (9th Cir. 1980) (acknowledging California's interest in ensuring the fairness of its capital convictions through the automatic appeal process). Third, plaintiff can present his appellate delay claim to the California Supreme Court when it considers his appeal – California courts have previously considered appellate delay claims on their merits. *See, e.g., People v. Holt*, 15 Cal. 4th 619, 708-09 (Cal. 1997) (addressing claim that three-year delay in appointment of counsel for automatic appeal violated due process); *People v. Horton*, 11 Cal.4th 1068, 1141 (Cal. 1995) (addressing claim that eight-year delay in certification of record on appeal violated due process), *as modified on denial of rehearing*, 12 Cal.4th 783.

Even when the three-pronged test is satisfied, however, a party may avoid application of the abstention doctrine if he can show that he would suffer "irreparable harm" that is both "great and immediate" if the federal court declines jurisdiction, that there is bad faith or harassment on the part of the state in prosecuting him, or that the state tribunal is biased against the federal claim. *Middlesex*, 457 U.S. at 437. Here, plaintiff does not make any plausible non-conclusory allegation of irreparable harm, bad faith, harassment, or bias of the tribunal. *See generally Younger*, 401 U.S. at 46, 53-54 (cost, anxiety and inconvenience of criminal defense is not the kind of special circumstance or irreparable harm that would justify federal intervention). Accordingly, abstention is warranted under *Younger*).

Alternatively, to the extent plaintiff seeks relief from his conviction and sentence, such claims are the province of a habeas corpus petition, not a civil rights case. *See* 28 U.S.C. § 2254(b)(1); *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (challenges to the lawfulness of

confinement or to particulars affecting its duration are the province of habeas corpus.'").

Plaintiff also seeks money damages against defendants, the State of California and its Governor. The Eleventh Amendment bars from the federal courts suits for damages against a state by its own citizens, *see Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985), and to state officials sued in their official capacities, *see Kentucky v. Graham*, 473 U.S. 159, 169-70 (1985). Plaintiff's damages claims are therefore barred by the Eleventh Amendment.

## CONCLUSION

For the reasons set out above, this action is **DISMISSED** without prejudice.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: December   17  , 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4